**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TIMOTHY ALLEN ROSE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-48-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, *et al.*, | ) | (Case Remanded to Oklahoma County District Court, CJ-25-4692) |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand. [Doc. No. 9]. Defendant State Farm Fire and Casualty Company ("State Farm") filed a response [Doc. No. 10], to which Plaintiffs filed a reply [Doc. No. 12]. Additionally, before the Court is State Farm's Motion for Jurisdictional Discovery [Doc. No. 11]. Plaintiffs filed a Response [Doc. No. 13], to which State Farm filed a Reply. [Doc. No. 14]. The matters are fully briefed and at issue.

**BACKGROUND**

Plaintiffs owned property located in Oklahoma County, Oklahoma, which was at all relevant times insured under a State Farm policy. [Doc. No. 1-2, at p. 3]. Plaintiffs purchased the insurance policy at issue through Defendant Janis Yearout Insurance Agency, Inc. ("Yearout"). *Id.* The property was damaged by a storm on or about June 4, 2024. *Id.* Plaintiffs reported a loss to State Farm, and inspections were performed by State Farm adjusters. *Id.* at p. 14-15.

Plaintiffs allege that State Farm wrongfully denied their insurance claim for the damage. *Id.* at p. 17-20. In addition to their claims against State Farm, they also assert

claims against Yearout for negligent procurement of insurance, constructive fraud, and negligent misrepresentation. *Id.* at p. 20-28.

In support of their negligent procurement claim, they allege that they "contacted Yearout to procure insurance coverage from State Farm for the newly constructed house." *Id.* at p. 4. Moreover, Plaintiffs allege that in procuring the policy, Yearout "independently calculated and established the Policy's replacement cost value and resultant Policy coverage limits" and conveyed that such coverage limit "was accurate . . . and represented 100% of the Insured Property's insurance to value." *Id.* at p. 8-9. They further assert that prior to the issuance of the policy, Yearout did not verify the condition of the property; did not disclose to them that the property was ineligible for the requested replacement cost coverage for any reason; did not advise them that the property had any defect or pre-existing damage that would exclude it from replacement cost coverage; did not inform them of any condition that would exclude the property's roof from full replacement cost coverage; and did not disclose to them that the policy procured would not pay to repair or replace any of the roof back to its pre-loss condition, absent damage caused by the most severe and rarest form of hail damage. *Id.* at p. 7, 20-22, 24.

State Farm timely removed the case to this Court. [Doc. No. 1]. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. *Id.* Although Yearout is a non-diverse party, State Farm contends that it was fraudulently joined by Plaintiffs to defeat diversity jurisdiction. *Id.* Specifically, State Farm alleges that Plaintiffs

cannot succeed on any of their claims against Yearout and have committed actual fraud in the pleading of their jurisdictional facts. *Id.*

State Farm asserts that Plaintiffs were fraudulently joined because they cannot succeed on their claims since they received the policy they requested. *Id.* at p. 4-5. Additionally, State Farm contends that Plaintiffs have committed actual fraud in the pleading of the jurisdictional facts because Plaintiffs have used similar form complaints in other lawsuits and Yearout did not sell Plaintiffs the original policy in 2012, but rather the policy was transferred to Yearout in 2021. *Id*. State Farm argues that because Yearout was not the original procuring agent, it could not have negligently procured the policy. *Id.* at p. 4.

Plaintiffs assert that State Farm cannot meet its "heavy burden" to show fraudulent joinder. [Doc. No. 9]. Plaintiffs argue that they can plausibly succeed on their claims against Yearout. *Id.* Moreover, Plaintiffs argue that they did not commit fraud in the pleading of jurisdictional facts. *Id.* Plaintiffs argue that even though they did not obtain an insurance policy from Yearout when their home was newly constructed, that Mr. Rose spoke with a Yearout agent, Janis Yearout, when he had the policy transferred in 2021. Plaintiffs contend that when Mr. Rose spoke to Ms. Yearout, she made all the alleged representations and promises as asserted in the Complaint. Specifically, Plaintiffs state that when he transferred the policy, he spoke with agents at Yearout about Plaintiffs' "insurance needs, including my request for replacement cost coverage for my Property. And as further explained in my Petition, she assured me she had procured the coverage requested. She did

not advise of any pre-existing issues with my Property, despite the fact that State Farm later denied our claim, citing 'wear and tear' to the shingles." [Doc. No. 13-3, at p. 2, ¶ 5].

Additionally, State Farm filed a motion for jurisdictional discovery in which it argues that it should be permitted to conduct discovery regarding whether Plaintiffs committed actual fraud in the pleading of jurisdictional facts. [Doc. No. 11]. Plaintiffs object to State Farm's request for jurisdictional discovery on the basis that State Farm's request is overbroad and a wrongful attempt to pre-try the merits of Plaintiffs' claims. [Doc. No. 13].

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish that federal jurisdiction exists. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden," the party asserting fraudulent joinder must show under the "actual fraud" prong that the plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (internal quotation omitted). Under the "inability to establish

a cause of action" prong, the party asserting fraudulent joinder must show that there is no possibility that the plaintiff would be able to establish a cause of action against the purportedly fraudulently joined party in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (internal quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, ... consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The Court may not, however, "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

[1] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## DISCUSSION

### I. Inability to State a Cause of Action

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation and emphasis omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds...." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895 (emphasis omitted).

Upon careful consideration of the record, the Court finds that State Farm has not met its heavy burden to show – with complete certainty – that Plaintiffs cannot state a negligent procurement claim against Yearout in state court.[2] *See Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. Feb. 11, 2025) (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agents'] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200, 1202,

---

[2] Given this determination, the Court need not address Plaintiffs' constructive fraud and negligent misrepresentation claims against Yearout. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.").

1206 (W.D. Okla. 2022) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, ... that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement[,]'" and that the agent's representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat.'").

State Farm cites to this Court's decision, *Stone v. State Farm Fire & Cas. Co.*, No, CIV-25-7, 2025 WL 3090772 (W.D. Okla. Aug. 20, 2025). However, *Stone* is distinguishable from this case. In *Stone*, the Court found that the agent could not be liable for negligent procurement of the insurance policy. *Id.* In support of its finding, the Court determined that the plaintiff's claims against the agent were premised on three overarching allegations: 1) that the agent failed to inspect the insured property prior to issuing the policy, 2) that the agent failed to calculate the scope of coverage as requested by the plaintiff, and 3) that State Farm misattributed the damage to the roof as wear and tear. *Id.* at *3. The Court found that State Farm met its high burden, showing the plaintiff's claims against the insurance agent were not viable because it conducted an inspection prior to the issuance of the insurance policy, the policy provided sufficient coverage as the plaintiff conceded it was not an underinsurance case, and there was no evidence that plaintiff's insurance claim was denied due to wear and tear. *Id.* at *3-4.

Here, as in *Stone*, Plaintiffs have also alleged all three overarching allegations. However, unlike in *Stone* there is no evidence in the record that an inspection was conducted before the issuance of the insurance policy. Moreover, construing the issues of

fact in Plaintiffs' favor without pre-trying them, there are legitimate disputes that are not capable of summary determination as to whether the scope of coverage was calculated and obtained by Yearout as requested by Plaintiffs and whether Plaintiffs' insurance claim was denied due to wear and tear.

Rather, this matter is more similar to *Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025), in which the Court granted the plaintiff's motion to remand. In *Pruitt*, the Court based its determination largely on the plaintiff's assertion that the defendant insurer's denial was in reliance on pre-existing damage, the defendant agent's negligent performance of his procurement duties, and the defendant's failure to show with certainty otherwise. *Id.* at *4. Construing the issues of fact in the plaintiff's favor without pre-trying them, the Court found that the defendant insurer did not carry its heavy burden to show with complete certainty that the plaintiff could not state a negligent procurement claim against the defendant insurance agent. *Id.*

Here, Plaintiffs contend that preexisting damage was the basis for State Farm's policy denial. Further, they allege that Yearout was negligent in performing its procurement duties, and State Farm has not met its high burden demonstrating otherwise. Thus, the Court finds that this case is less analogous to *Stone*, and more analogous to *Pruitt*, *Kyger*, and *Oliver*, cited above. Upon careful consideration of Plaintiffs' allegations, and construing factual issues in their favor, the Court finds State Farm has failed to show with complete certainty that Plaintiffs cannot establish a negligent procurement claim against Yearout in state court. Accordingly, State Farm has not met its "heavy burden" to establish fraudulent joinder.

## II. Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, showing actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. In its notice of removal, State Farm contends that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. In support, State Farm argues that Plaintiffs' counsel has brought an increasing number of cases against State Farm and other insurers based on identical underwriting failures, and that this is indicative of fraud. Moreover, State Farm argues that Plaintiffs committed fraud in the pleading of jurisdictional facts because Yearout did not originally sell them their insurance policy, and thus, could not have negligently procured it. State Farm argues that the Court should not consider Plaintiffs' attempt to amend its allegations in its Complaint through Mr. Rose's declaration. Specifically, State Farm argues that the Court should not consider Mr. Rose's statements regarding his interactions with Yearout in procuring the policy, because they did not occur when Plaintiffs' home was newly constructed, as alleged in the Complaint.

As State Farm is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as Plaintiffs note, the Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-883-

PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie cutter' petitions"); *Pruitt*, 2025 WL 1030353, at *4 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder.") (quotation and citation omitted); *Martin v. Allstate Vehicle & Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his Court, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Moreover, the Court deems it proper to consider Plaintiffs' supplemental allegations. As the Tenth Circuit has explained: "[u]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted); *see also Oliver*, 765 F. Supp. 3d at 1250 (rejecting the defendant's argument that the court could not consider the additional facts the plaintiff included in its motion for remand that were not included in the plaintiff's complaint). Indeed, district courts within the Tenth Circuit have considered allegations included in a motion to remand under similar circumstances. *See, e.g. Oliver*, 765 F. Supp, 3d at 1250; *Jackson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1195, 1200-01 (W.D. Okla. 2002) (by arguing that the plaintiff should be faulted for "supplying different or additional facts" to the motion to remand, the defendant "overlook[ed] the standard of decision"; "[t]here is no requirement that the [c]ourt's inquiry

must be limited to the allegations of a plaintiff's complaint" and "no rule prohibiting a plaintiff from supplying additional factual details after fraudulent joinder is asserted").

Upon consideration, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against State Farm and other insurers. Additionally, the Court further finds that State Farm's remaining examples of actual fraud – to include its argument that Yearout was not the agent who originally procured the policy, and thus could not make any misrepresentations when Plaintiffs had the policy transferred– instead speak to the merits of their underlying claims, not whether they committed actual fraud in the pleadings. Accordingly, the Court finds that State Farm has insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

In sum, having reviewed the record and in light of the heavy burden upon State Farm, the Court concludes State Farm has failed to show fraudulent joinder under either prong of the analysis.

**III. Jurisdictional Discovery**

State Farm also seeks to conduct jurisdictional discovery should the Court find its arguments regarding actual fraud in the pleading of jurisdictional facts insufficient to deny Plaintiffs' request for remand. [Doc. No. 11]. State Farm seeks to depose Plaintiffs and allow Plaintiffs to depose Ms. Yearout and the State Farm adjuster who investigated the claim, regarding an insurance agent's obligations and the alleged representations that Yearout agents made to Plaintiffs. [Doc, No. 11, at p. 8]. Specifically, State Farm argues that discovery is needed because the Complaint "contains alleged representations by the

Yearout Agency regarding their Policy and condition of their house, which the Yearout Agency maintains it did not make." [Doc. No. 11, at p. 4].

Although State Farm describes its jurisdictional discovery requests as limited, it is seeking rather broad discovery that would entail the merits of the claims to include the nature and scope of the representations made by the parties. State Farm is seeking discovery in attempt to prove that alleged representations were not made. Such discovery wades too far into pre-trying the merits of Plaintiffs' claims. *See, e.g. Oliver*, 765 F. Supp. 3d at 1251 (denying State Farm's request for jurisdictional discovery into the representations the plaintiffs alleged were made by the insurance agent). Accordingly, State Farm's request to conduct jurisdictional discovery is denied.

## CONCLUSION

For the reasons stated herein, the Court finds that Defendant State Farm Fire and Casualty Company has not established fraudulent joinder, and the Court lacks subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 9] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorneys' fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS FURTHER ORDERED** that Defendant State Farm Fire and Casualty Company's Motion for Jurisdictional Discovery [Doc. No. 11] is **DENIED**.

**IT IS SO ORDERED** this 26th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE